| | |
|---|---|
| RICHARD A. KRUEGER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 14-1035 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Richard A. Krueger, Jr. ("Krueger") filed an application for disability insurance benefits in June of 2013, alleging a disability beginning on April 30, 2009 due to degenerative disc disease, migraine headaches, depression, anxiety and a somatization disorder. (R. 180-81, 198) The claims were denied initially on October 30, 2013. (R. 24) Pursuant to his request, a hearing was held on March 11, 2014. (R. 46-82) A vocational expert appeared and testified. The ALJ denied the claim by written decision dated March 21, 2014.[1] (R. 14) Krueger requested review by the Appeals Council, which was denied. He then brought this action seeking judicial review pursuant 42 U.S.C. § 405(g).[2]

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. [6] and [8]).

---

[1] The ALJ did conclude that Krueger had acquired sufficient quarters to remain insured with respect to the claim for disability insurance benefits, through December 31, 2014. (R. 25)

[2] Krueger had previously filed an application for DIB in February of 2011, asserting a disability starting on April 29, 2009. (R. 86). That claim was denied, both at the initial level and by an ALJ decision dated May 3, 2013. (R. 86-99). Krueger did not request a review of the decision and it therefore became final. In this case, the ALJ affirmed the legal doctrine of administrative finality with respect to this decision, finding that Krueger had not presented "good cause" to reopen the prior application. (R. 24) Krueger does not allege on appeal that the ALJ's finding in this regard was erroneous.

1

Both parties have filed Briefs in Support of their Motions. (Docket Nos. [7] and [9]). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the ALJ's decision is affirmed.

I. **BACKGROUND**

Krueger was born on March 18, 1970 and was a few days shy of 44 years old at the time of the hearing. (R. 50-51) He lives at home with his wife and collects a PennDot pension and a VA pension. (R. 51) He completed high school as well as one year of college. (R. 53) He was trained as a material specialist in the military and did further training as a corrections officer after his service. (R. 53-54) Krueger has past work experience for PennDot as "general office work." (R. 54) He stopped working at PennDot because of the overall stress of the job. (R. 55) He currently treats with a chiropractor and uses a TENS Unit, ice and heating pads, has had a cortisone shot in the past and has participated in aqua-therapy. (R. 60-61)

Despite his impairments, Krueger is able to cook simple meals and perform some household chores such as cleaning dishes and washing laundry. (R. 63) He attends church and attends to his own personal care. He uses a computer and watches television. (R. 58, 63) He visits his father in a nursing home and is able to drive a car. (R. 52, 63) He also plays baseball in a church league, as often as two games a week. (R. 452)

As stated above, the ALJ concluded that Krueger has not been under a disability within the meaning of the Social Security Act since April 30, 2009. (R. 16) Specifically, although the ALJ found that Krueger had not engaged in any substantial gainful activity since the onset date, and that his degenerative disc disease, migraine headaches, depression, anxiety and somatization disorder qualified as severe impairments, he concluded that those impairments or combinations thereof do not meet or medically equal one of the listed impairments. (R. 27) The ALJ determined that Krueger had the residual functional capacity to perform light work. (R. 29)

Krueger attacks the ALJ's decision in two respects. First, Krueger takes issue with the

2

weight accorded the opinions of his treating physicians. Second, Krueger faults the ALJ with respect to his credibility assessment. For the reasons set forth below, I find each argument unpersuasive.

## II. LEGAL ANALYSIS

### A) Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B) Discussion**

1. Medical Sources

Krueger objects to the manner in which the ALJ considered the medical evidence from his medical sources. The longstanding case law within this Circuit is that the report of a treating physician should be accorded greater weight than that of a non-examining consultant. *Brownawell v. Comm'r. of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). This is true particularly if that physician's treatment record or opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting*, *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Indeed, "[i]t is axiomatic that the Commissioner cannot reject the opinion of a treating physician

4

without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, 2010 U.S. Dist. LEXIS 103508 at * 6 (W.D. Pa. 2010). If a "treating source's opinion as to the nature and severity of a claimant's impairments is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record,' it will be given 'controlling weight.'" *Wiberg v. Colvin*, Civ. No. 11-494, 2014 WL 4180726 at * 21 (D. Del. Aug. 22, 2014), *quoting*, 20 C.F.R. § 404.1527(c). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. § 416.927(c)(4). That is, unless there is contradictory evidence, an ALJ may not reject a treating physician's opinion. An ALJ's own credibility judgments, speculation or lay opinion is not sufficient. *Wiberg*, 2014 WL 4180726 *citing, Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). The Court of Appeals for the Third Circuit explains:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec. Admin.,* Civ. No. 10-2517, 2010 WL 5078238 at * 5 (3d Cir. Dec. 14, 2010).

Here, Krueger devotes approximately six pages of his argument to reciting medical evidence and assessments that he contends supports his claim for disability. *See ECF Docket No.* [7], p. 4-10. This recitation is unhelpful in several respects. First, the issue before me is whether substantial evidence supports the ALJ's decision, not whether there is evidence of record that would support a finding of disability. Second, Krueger does not provide any analysis of these medical records. Indeed, the recitations appear to be simply language lifted directly

5

from the medical records themselves. I find Krueger's reference to these medical records to be unpersuasive for these reasons.

Further, after careful review, I can find no error with the ALJ's assignment of weight regarding Dr. Gallo's conclusions. Certainly, Dr. Gallo did describe Krueger as entitled to a disability allowance. (R. 436-442). Yet, Dr. Gallo did not detail any clinical findings in support of his conclusion. Simply checking boxes on a form is "weak evidence at best." *See Mason v. Shalala*, 944 F.2d 1058, 1065 (3d Cir. 1993).[3] Nor are Dr. Gallo's treatment notes helpful. The main focus of the notes is upon Krueger's ongoing attempts to obtain disability benefits and his desire to separate from his wife if he succeeded in obtaining benefits. (R. 402-406, 449-451) The treatment notes contain little more than Krueger's subjective complaints, which is hardly persuasive evidence of Dr. Gallo's conclusion of disability. *See Morris v. Barnhart*, 78 Fed. Appx. 820, 825 (3d Cir. 2003) (stating that, "the mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion … An ALJ may discredit a physician's opinion on disability that was premised largely on the claimant's own accounts of her symptoms and limitations when the claimant's complaints are properly discounted.")[4] Furthermore, there is nothing in Dr. Gallo's treatment notes to document his conclusions that Krueger suffers from psychomotor agitation, difficulty concentrating or thinking, pressure of speech or easy distractibility, or of persistent anxiety or motor tension, or autonomic hyperactivity, apprehensive expectation or recurrent and intrusive recollections of a traumatic experience. His assertions in this regard are simply unsupported.

Similarly, as the case law instructs, and as the ALJ noted, conclusions of a treating physician are only entitled to deference when they are supported by other evidence of record. Dr. Gallo's conclusion that Krueger's ability to interact with co-workers, supervisors and the

---

[3] Dr. Gallo noted on the form that his conclusions were based upon two psychological evaluations, but he did not attach the evaluations to the form, nor did he detail the clinical findings from the evaluations.
[4] As stated elsewhere in this Opinion, the ALJ did properly discount Krueger's complaints of pain.

6

public was compromised is at odds with the findings of Dr. Houck and Dr. Eberle that Krueger presented as "pleasant", talkative and acted appropriately. (R. 32-36, 440-41, 491-92) Additionally, his conclusions in this regard are undercut by Krueger's participation in a baseball church league, attending church and maintaining friendships. (R. 35-37, 63-66, 452, 457, 524)

Nor do I find error with the ALJ's assignment of weight given to Dr. Eberle's conclusions. The ALJ observed that Dr. Eberle's GAF assessment of 50 and his determination that Krueger was likely unemployable was at odds with his own Progress Notes. (R. 36) Specifically, Dr. Eberle described Krueger as being alert and oriented in all 3 spheres, and as speaking generally in normal tones, rhythms and rates. (R. 491) He found Krueger to have his memory and intellect intact and to be of above average capacity. (R. 492) Dr. Eberle observed that Krueger's "[i]nsight and judgment with regard to normal every day affairs is unhampered.") (R. 492)

To the extent that Dr. Eberle's diagnosis was premised upon Krueger's physical condition, that too lacks support. Dr. Breit, who treated him for chronic back pain, found that Krueger had a good range of motion, no cyanosis or edema, had intact reflexes in all extremities, was not in acute distress, denied acute complaints, walked with a normal gait, and had negative straight leg tests. (R. 359-62, 472, 474) Further, Thomas Legacy, PAC, similarly found that with respect to his thoracolumbar spine, Krueger had full to near full range of motion, full motor strength, normal reflexes, intact sensation, no muscle atrophy, negative straight leg raise test and no signs of radiculopathy. (R. 497-520) With respect to his cervical spine, again Krueger had full to near full range of motion, full motor strength, normal reflexes, intact sensation, no muscle atrophy, and no signs of radiculopathy. (R. 511-517) Legacy concluded that Krueger's neck and back conditions did not impact his ability to work. (R. 509, 520)

Moreover, both Dr. Eberle's and Dr. Gallo's opinions are at odds with the opinions of other medical experts. In October of 2013, Dr. Houck performed a psychological evaluation of

Krueger at the request of the state agency. She found him to be suffering from mild depressive disorder and generalized anxiety. (R. 427) Dr. Houck concluded that Krueger had mild limitations in his ability to understand and carry out simple instructions and to make judgments on simple work-related decisions and moderate limitations on the ability to understand and carry out complex instructions and to make judgments on complex work-related decisions. (R. 429) She also found that he had moderate limitations in his ability to interact appropriately with the public, supervisors, and co-workers, as well as to respond appropriately to usual work situations and changes in a routine work setting. (R. 430) Similarly, the state agency reviewing psychiatrist Dr. James Vizza concluded that Krueger's mental limitations resulted in only mild restrictions of his daily activities and moderate limitations on his ability to maintain social functioning and concentration, persistence and pace. (R. 112-114)

Dr. Houck's and Dr. Vizza's findings are also consistent, as the ALJ noted, with Krueger's conservative mental health treatment. By his own reports to Dr. Houck, Krueger has been on the same medication since 2003. Further, although Dr. Gallo opined that Krueger's mental condition warranted a disability award, he did not recommend intensive treatment. Instead, he indicated only that Krueger see a psychiatrist for medication management. (R. 36)

In sum, I find the reasons given by the ALJ in according more weight to the opinions offered by Dr. Houck and Dr. Vizza than to those of Krueger's treating physicians to be appropriate, sufficiently explained and supported by substantial evidence of record. Therefore, I find no error in this regard and no basis for remand.

    2.    Credibility

Krueger next argues that the ALJ erred by failing to adequately explain why he found Krueger's testimony to be less than fully credible. I find Krueger's arguments wholly unpersuasive. He presents this Court with absolutely no evidence in support of his argument. His argument consists solely of perfunctory citation to case law. There is no application of law

8

to the facts of this case. Further, Krueger's argument is seemingly premised upon a finding that the ALJ erred in rejecting the opinions of Drs. Gallo and Eberle. Thus, even were I inclined to consider this argument; I would reject it for the reasons set forth above.

## III. <u>CONCLUSION</u>

After a thorough review of the record and careful consideration of Krueger's arguments, I find that no error. The ALJ's decision is hereby affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD A. KRUEGER, JR., )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 14-1035
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 30th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 6) is denied and Defendant's Motion for Summary Judgment (Docket No. 8 ) is granted.

It is further ordered that the decision of the Commissioner of Social Security is hereby affirmed.

                      BY THE COURT:

                      /s/ Donetta W. Ambrose
                      Donetta W. Ambrose
                      United States Senior District Judge